IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-260-D
No. 5:17-CV-136-D

| | | |
|---|---|---|
| GLENN SYLVESTER JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 20, 2017, Glenn Sylvester Jackson ("Jackson") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 84-month sentence [D.E. 69]. On May 26, 2017, the government moved to dismiss Jackson's section 2255 motion [D.E. 73] and filed a supporting memorandum [D.E. 74]. As explained below, the court grants the government's motion to dismiss Jackson's section 2255 motion, and dismisses Jackson's section 2255 motion.

I.

On June 17, 2014, pursuant to a written plea agreement, Jackson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 [D.E. 37, 39]. On November 10, 2014, at Jackson's sentencing hearing, the court calculated Jackson's advisory guideline range to be 70 to 87 months' imprisonment based on a total offence level of 21 and a criminal history category of V. See Sentencing Tr. [D.E. 59] 1–6. After considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Jackson to 84 months' imprisonment and directed that Jackson's federal sentence run consecutively to any prison sentence that Jackson was serving. See id. at 18–23; [D.E. 53].

Jackson appealed. On November 5, 2015, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Jackson's plea agreement and dismissed the appeal [D.E. 64]. On March 21, 2016, the Supreme Court of the United States denied Jackson's petition for certiorari. See Jackson v. United States, 136 S. Ct. 1474 (2016).

In Jackson's section 2255 motion, Jackson makes two claims: (1) ineffective assistance of trial counsel for failing to challenge Jackson's base offence level, and (2) ineffective assistance of appellate counsel for failing to challenge his sentence based on Johnson v. United States, 135 S. Ct. 2551 (2013). See [D.E. 69]. On May 26, 2017, the government moved to dismiss the motion for failure to state a claim upon which relief can be granted. See [D.E. 73].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity

2

with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Jackson's ineffective assistance of counsel claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 141, 143 (2012); Lafler v. Cooper, 566 U.S. 156, 165 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Jackson must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–95. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty, "in

3

order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967–69 (2017).

As for Jackson's claim that trial counsel was ineffective by failing to argue that his conviction for sex offense in a parental role is not a crime of violence, the offense requires physical contact of a sexual nature with a minor victim by someone who has assumed the position of a parent. See N.C. Gen. Stat. §14-27.7(a)(2007); N.C. Gen. Stat. § 14-27.1(4)(2006). The offense appears to be a crime of violence under the Guidelines. See U.S.S.G. § 4B1.2(a); U.S.S.G. § 4B1.2, Application Note 1 (defining "crime of violence" and "forcible sex offense"); cf. United States v. Vann, 660 F.3d 771, 773–77 (4th Cir. 2011) (per curiam) (en banc). This court, however, need not reach the issue. Rather, this court's alternative variant sentence defeats any claim of prejudice concerning the advisory guideline calculation. See Sentencing Tr. at 22; United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012). Thus, the claim fails.

As for Jackson's Johnson claim, appellate counsel was not ineffective. Simply put, Johnson does not apply to the advisory guidelines. See, e.g., Beckles v. United States, 137 S. Ct. 886, 895–97 (2017); United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017). The failure to make a baseless argument is not deficient performance. See Knowles v. Mirazayance, 556 U.S. 111, 127–28 (2009).

After reviewing the claims presented in Jackson's motion, the court finds that reasonable jurists would not find the court's treatment of Jackson's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a

4

certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 73], DISMISSES Jackson's section 2255 motion [D.E. 69], DENIES a certificate of appealability, and DENIES Jackson's motion for a copy of his prison account [D.E. 67].

SO ORDERED. This 15 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge

5